IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2304-FL

| | | |
|---|---|---|
| ADAM W. HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIK A. HOOKS, Secretary, N.C. Dep't of Public Safety, et al., | ) ) ) | |
| | ) | |
| Respondents.[1] | ) | |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion for summary judgment, (DE 13), pursuant to Federal Rule Civil Procedure 56(a). Petitioner did not respond to the motion. For the reasons stated below, the court grants respondents' motion for summary judgment and dismisses the petition

**BACKGROUND**

On November 1, 2010, petitioner pleaded guilty to two counts of robbery with a dangerous weapon in the Superior Court of Bladen County, North Carolina. (Tr. Plea (DE 15-1)). That same day, the state trial court sentenced petitioner to consecutive terms of 84 to 110 months'

---

[1] Petitioner named "State of North Carolina" as the respondent in this action. (See Pet. (DE 1) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Counsel for respondents represents that Erik A. Hooks, the Secretary of the North Carolina Department of Public Safety and unidentified parties designated "et al." are the proper respondents in this action. (See DE 13 at 1). The court has constructively amended the case caption to reflect the correct respondents in this action and will direct the clerk to so amend the caption on the docket.

imprisonment, the presumptive range for petitioner's class D felonies and prior record Level III. (J. & Commitment (DE 15-2)). Petitioner did not appeal his convictions or sentence. (Pet. (DE 1) ¶¶ 8-9).

On September 1, 2012, petitioner, proceeding pro se, filed motion for appropriate relief in the state trial court. (MAR I (DE 15-4)). On December 6, 2012, the trial court denied the motion. (Dec. 6, 2012, order (DE 15-7). Petitioner filed another motion for appropriate relief on November 20, 2018, which remains pending in state court. (MAR II (DE 15-9)).

On December 4, 2018, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging his state convictions should be vacated because he received ineffective assistance of counsel. The court conducted its initial review of the petition on June 13, 2019, and directed respondents to the respond to the petition. On July 12, 2019, respondents filed the instant motion for summary judgment, supported by statement of material facts, appendix, and memorandum of law. The appendix includes state court records from petitioner's plea hearing, sentencing, and post-conviction proceedings. Petitioner did not respond to the instant motion for summary judgment.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted).

B.  Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year statute of limitations is tolled, however, during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application for postconviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

3

Here, the statute of limitations began to run on the date petitioner's judgment became final by the conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final on November 1, 2010, the date the state trial court imposed the sentence. As noted, petitioner was sentenced to two consecutive terms of 84 to 110 months' imprisonment, which is the presumptive range under North Carolina law for class D felonies and prior record level III. See N.C. Gen. Stat. § 15A-1340.17(c) and (e) (2009); (see also J. & Commitment (DE 15-2)). Because the minimum terms of imprisonment fell within the presumptive range, petitioner had no right to appeal his conviction or sentence. See N.C. Gen. Stat. § 15A-1444(a1) (2009).[2] And where petitioner had no right to direct appellate review, the judgment became final on the date it was imposed. 28 U.S.C. § 2244(d)(1)(A) (providing judgment becomes final upon "the conclusion of <u>direct review</u> or the expiration of the time for seeking <u>such review</u> (emphasis added)); Gonzalez v. Thaler, 565 U.S. 134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . ."); Hairston v. Beck, 345 F. Supp. 2d 535, 537 (M.D.N.C. 2004) (concluding petitioner's North Carolina criminal judgment became final on the date it was imposed where petitioner had no right to appeal).

The statute of limitations therefore ran from November 1, 2010, until it fully expired on or about November 1, 2011. Petitioner signed the instant habeas petition on December 4, 2018, over seven years after the statute of limitations expired. Additionally, petitioner's state post convictions motions cannot toll the limitations period because petitioner filed his first motion for

---

[2] Petitioner has not established he was entitled to appeal his sentence under N.C. Gen. Stat. § 15A-1444(a2).

appropriate relief on September 1, 2012, after the AEDPA statute of limitations expired.  See 28 U.S.C. § 2244(d)(2); Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Petitioner does not qualify for any of the alternative limitations periods set forth in § 2244(d)(1)(A).  Petitioner does not allege that his claims are based on a new rule of constitutional law made retroactive to cases on collateral review, or that the factual predicate of the claims could not have been discovered through the exercise of ordinary diligence until after his conviction became final.  See 28 U.S.C. § 2244(d)(1)(C)-(D).  Additionally, petitioner has presented no evidence suggesting a state impediment prevented him from filing earlier.  Id. § 2244(d)(1)(B).

Petitioner also is not entitled to equitable tolling of the statute of limitations.  Although the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Equitable tolling only is "appropriate when . . . extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit."  Id. (citation and quotations omitted).  Petitioner has not established that extraordinary circumstances prevented him from complying with the one-year statute of limitations.

In sum, the petition is untimely under AEDPA's one-year statute of limitations, and petitioner has not established the limitations period should be tolled.  Accordingly, the court will dismiss the petition as untimely.

In the alternative, petitioner's claims fail on the merits.  Petitioner's principal claim is his defense attorney rendered ineffective assistance of counsel by failing to file an appeal.  In order

to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 688, 687 (1984). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. The second prong requires a petitioner to show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. As to an ineffective assistance of counsel claim premised on failure to file an appeal, petitioner must demonstrate "a reasonable probability that he would have filed an appeal 'but for' counsel's failure to file or consult. The [petitioner] need not show that his appeal has merit." Gordon v. Braxton, 780 F.3d 196, 200 (4th Cir. 2015) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)).

Petitioner has not established the prejudice prong of his ineffective assistance of counsel claim where he has presented no evidence there is a reasonable probability he would have appealed. As noted above, petitioner had no right to direct appellate review of his conviction or sentence because he was sentenced within the presumptive minimum range for his offense class and criminal record level. See N.C. Gen. Stat. § 15A-1444(a1). And because petitioner did not respond to respondents' motion for summary judgment, he has not otherwise established a reasonable probability he would have attempted to appeal.

Petitioner's remaining claims that his sentence is "too long" and counsel "lied to him" about his sentence are subject to summary dismissal. The claims are blatantly contradicted by

6

petitioner's transcript of plea, where petitioner swore under oath in open court that he understood he would be sentenced to consecutive terms of 84 to 110 months' imprisonment and confirmed he wanted to plead guilty.[3] (Tr. Plea (DE 15-1)). Patently false and conclusory habeas claims may be summarily dismissed. See Blackledge v. Allison, 431 U.S. 63, 75-76 (1977); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recogn'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

C.   Certificate of Appealability

Having determined the instant petition must be dismissed, the court next considers whether petitioner is entitled to a certificate of appealability. A certificate of appealability may only issue upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. See Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). After reviewing the claims presented in light of the applicable standard, the court determines a certificate of appealability is not warranted.

---

[3] Petitioner does not contest the sworn statements contained in his transcript of plea or otherwise suggest his plea was unknowing or involuntary.

## CONCLUSION

Based on the foregoing, the court GRANTS respondents' motion for summary judgment, (DE 13), and DISMISSES the petition. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case, and to amend the caption as set forth in footnote one.

SO ORDERED, this the 16th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge